IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIMIKIA PEGUES                           :

    Plaintiff                              :

v.                                       :   Civil Action No. 8:14-cv-00706-PWG

WAL-MART STORES, INC.                    :

    Defendant                              :

## OPPOSITION AND POINTS AND AUTHORITIES TO MOTION TO DISMISS

Counsel for plaintiff was unaware that a motion to dismiss was filed. Upon receiving a line from the defendant, counsel checked the electronic file and realized that the motion was filed.

The non-moving party is entitled to all inferences in determining the motion to dismiss. *Murphy v. Army Distaff Foundation, Inc.*, 458 A.2d. 61, 62 (D.C. 1983). The court should give credence to all factual allegations pled by the plaintiff. *See Mylan Laboratories, Inc., v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1983). In *Shipley v. Meadowbrook Club*, Inc. 211 Md. 142, 126 A.2d. 288 (1956), the court held that a plain statement of facts is all that is necessary to constitute a ground for a cause of action. The plaintiff should provide notice to the party, state the facts upon which the claim is based and define the boundaries of litigation. *See Scott v. Jenkins*, 345 Md. 21, 698 A.2d. 1000 (1997). To grant a motion to dismiss for failure to state a claim upon which relief can be granted, no material issues of fact must be present and the moving party must be entitled to the dismissal as a matter of law. *See In Re Estate of Walker*, 898 A.2d. 216 (D.C. 2006) and *Copeland v. Cohen*, 905 A.2d 144 (D.C. 2006).

This case is based upon a difference of facts and not the law. The plaintiff contends that she was arrested, detained, assaulted and battered. She contends that she did not steal anything from the store. The defendant takes the position that she did steal. The police report is based on information the police derived from an employee of the store, and should not be considered. A member of the police department did not see the incident. There is a dispute about the facts. Clearly, there is a material dispute over the facts. The complaint sets forth facts describing the occurrence. The complaint describes how the plaintiff came into contact with the bassinet. The complaint explains that she did not steal the bassinet. The complaint states that her mother gave her the bassinet and when she could not exchange it, she placed it in her car. She denies stealing. She describes how she was illegally detained and the assault and battery. This is a frivolous motion. The case is about facts and not the law. The motion must be denied.

By: _____
Warren E. Gorman
216 North Adams Street
Rockville, Maryland  20850
(301)424-0677
(301)340-6947
wegorman@aol.com

Attorney for Plaintiff
Timikia Pegues

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April, 2014, a copy of the foregoing was e-filed to:

Andrew T. Stephenson, Esquire
Imoh E. Akpan, Esquire
Franklin & Prokopik
Two North Charles Street, Suite 600
Baltimore, MD 21201

_____
Warren E. Gorman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIMIKIA PEGUES                    :

    Plaintiff                 :

v.                                : Civil Action No. 8:14-cv-00706-PWG

WAL-MART STORES, INC.             :

    Defendant                 :

## STATEMENT OF MATERIAL FACTS
## THAT ARE IN DISPUTE

1. Timikia Pegues did not steal anything from the Wal-Mart Store on or about January 20, 2013.

2. Timikia Pegues' mother gave her a bassinet to exchange for her that the mother had previously purchased from another Wal-Mart Store.

3. Timikia Pegues did not take an item from the shelf at the Wal-Mart Store and walk out without paying for it.

4. Timikia Pegues was arrested based upon alleged observations that an employee of the Wal-Mart Store did not see.

5. Timikia Pegues was illegally detained at the Wal-Mart Store.

6. Timikia Pegues was escorted by a Wal-Mart employee to another portion of the store.

7. Timikia Pegues was touched against her will because of what occurred in the store by an employee of Wal-Mart.

By: _____
Warren E. Gorman
216 North Adams Street
Rockville, Maryland 20850
Telephone: (301) 424-0677
Facsimile:  (301) 340-6947
wegorman@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April, 2014, a copy of the foregoing was e-served to:

Andrew T. Stephenson, Esquire
Imoh E. Akpan, Esquire
Franklin & Prokopik
Two North Charles Street, Suite 600
Baltimore, MD 21201

_____
Warren E. Gorman

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIMIKIA PEGUES                              :

    Plaintiff                                :

v.                                          : Civil Action No. 8:14-cv-00706-PWG

WAL-MART STORES, INC.                       :

    Defendant                                :

ORDER

Upon consideration of the motion to dismiss and the opposition thereto, it is this

_____ day of _____, 2014, by the United States District Court for the District of Maryland

ORDERED, that the motion is denied.

_____
JUDGE

cc:   Warren E. Gorman, Esquire
      216 North Adams Street
      Rockville, Maryland  20850

      Andrew T. Stephenson, Esquire
      Imoh E. Akpan, Esquire
      Franklin & Prokopik
      Two North Charles Street, Suite 600
      Baltimore, MD 21201