**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| **TIMIKA PEGUES** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-14-706 |
| **WAL-MART STORES, INC.,** | * | |
| Defendant. | * | |
|  | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

While shopping at one of Defendant Wal-Mart's stores, Plaintiff was detained and handcuffed by an employee after she was suspected of shoplifting—although it appears that she never was prosecuted for any crime. Plaintiff has brought this action alleging false arrest, false imprisonment, assault, and battery arising out of the detention. Defendant has moved to dismiss on the grounds that its employee acted reasonably on probable cause that Plaintiff had shoplifted. Because the "shopkeeper's privilege" to detain a person suspected of theft is an affirmative defense that Defendant must plead and prove—and not a qualified immunity from suit—and inasmuch as Plaintiff adequately has stated a *prima facie* claim, I deny the motion to dismiss.

**I.   BACKGROUND**

For the purposes of considering a motion to dismiss, this Court accepts the facts that Plaintiff has alleged in her complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). On or about January 20, 2014, Plaintiff Timika Pegues entered a store owned by Defendant Wal-Mart Stores, Inc. ("Wal-Mart") located at 8475 Branch Avenue, Clinton,

Maryland (the "Store"). Am. Compl. ¶ 4, ECF No. 2.[1] According to the Amended Complaint, Pegues's mother had purchased a bassinet the previous day and was meeting Pegues at the Store to return it for a refund. *Id.* ¶¶ 5–7. Pegues's mother gave her the bassinet, a credit card, and a receipt, and left the Store after completing her own shopping. *Id.* ¶¶ 7–8, 9. However, when Pegues attempted to return the bassinet, she found that she had the wrong receipt and could not return it. *Id.* ¶ 9. She therefore left the Store with the bassinet, placed it in her car, and then returned to the Store to purchase items that she had placed in her shopping cart before she left. *Id.* ¶ 11–12.

At this time, a security guard employed by the Store stopped Pegues and "arrested, handcuffed and detained" her on suspicion that she had shoplifted the bassinet. *Id.* ¶¶ 13–14. The police were called, and once they arrived, issued a citation to Pegues. *Id.* ¶¶ 14–17. The Amended Complaint is silent regarding whether Pegues ever was prosecuted for the alleged theft, but conclusorily pleads that her arrest was "unlawful[] and without justification." *Id.* ¶¶ 17, 22.

Pegues filed her original complaint in the Circuit Court for Prince George's County on January 13, 2014, Notice of Removal ¶ 1, ECF No. 1, and amended shortly thereafter, *see* Am. Compl. Plaintiff's Amended Complaint alleges three counts against Wal-Mart: (I) "False Arrest," (II) "Illegal Detention," and (III) "Assault and Battery." Am. Compl. On March 10, 2014, Wal-Mart removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, and filed a Motion to Dismiss and for Summary Judgment ("Def.'s Mot. to Dismiss"), ECF No. 8, with a

---

[1] It appears that Plaintiff Timika Pegues's original complaint was filed in state court but was amended prior to service and has not been docketed in this case, notwithstanding the requirements of Loc. R. 103.5(a). *See* Notice of Removal ¶ 1, ECF 1 (indicating that this case was filed on January 13, 2014 and that Defendant was served on February 6, 2014); Am. Compl., ECF No. 2 (date-stamped January 17, 2014).

supporting Memorandum ("Def.'s Dismiss Mem."), ECF No. 8-1, and attaching a "statement of undisputed facts," Def.'s Dismiss Mem. 3, that purports to prove that Pegues actually shoplifted the bassinet, *see* Spriggs Aff., Def.'s Dismiss Mem. Ex. 1, ECF No. 8-2. Pegues has filed a bare-bones Opposition and Points and Authorities to Motion to Dismiss ("Pl.'s Opp'n"), ECF No. 13, and the time for Wal-Mart to reply has passed, Loc. R. 105.2(a). The motion now is ripe and is before me; having reviewed the filings, I find a hearing is not necessary. Loc. R. 105.6.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see also CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009).  However, if the Court considers matters outside the pleadings the Court must treat the motion as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Syncrude Canada Ltd. v. Highland Consulting Grp., Inc.*, No. RDB-12-318, 2013 WL 139194, at *2 (D. Md. Jan. 10, 2013).

"[A] district judge has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." *Sager v. Hous. Comm'n*, 855 F. Supp. 2d 524, 542 (D. Md. 2012) (quoting 5C Charles Alan Wright et al., *Federal Practice & Procedure* § 1633, at 159 (3d ed. 2004, 2011 Supp.))  "This discretion 'should be exercised with great caution and attention to the parties' procedural rights.'  In general, courts are guided by whether consideration of extraneous material 'is likely to facilitate the disposition of the action,' and 'whether discovery prior to the utilization of the summary judgment procedure' is necessary." *Id.*

### III.   DISCUSSION

#### A.  Counts I and II

Counts I and II of Pegues's Amended Complaint purport to set forth claims for "False Arrest" and "Illegal Detention," respectively.  Am. Compl. 1, 3.  Wal-Mart has noted that "illegal detention" is not a recognized tort under Maryland law, and suggests that Count II should be construed as a claim for false imprisonment.  Def.'s Dismiss Mem. 6 (citing *McIver v.*

*Russell*, 264 F. Supp. 22, 33 (D. Md. 1967).  I agree, and I will analyze Count II as a claim for false imprisonment.  *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

The elements of false arrest and false imprisonment are identical under Maryland law: "1) the deprivation of the liberty of another; 2) without consent; and 3) without legal justification."  *Heron v. Strader*, 761 A.2d 56, 59 (Md. 2000); *see also Hovatter v. Widdowson*, No. CCB-03-2904, 2004 WL 2075467, at *8 (D. Md. Sept. 15, 2004).  Wal-Mart does not appear to dispute that Pegues was deprived of her liberty without her consent.  *See* Def.'s Dismiss Mem. Rather, it argues that it cannot be held liable for the actions of its employee because its employee was acting on the good-faith belief that Pegues was shoplifting, relying primarily on *Gregg v. Richmond*, No. DKC-2001-1212, 2004 WL 257080, at *5 (D. Md. Feb. 11, 2004).  *See* Def.'s Dismiss Mem. 6.

But Wal-Mart's reliance on *Gregg* for the proposition that "'[n]egligence or other mistake in *providing incorrect information to lawful authorities* does not give rise to liability" for false arrest is misplaced.  *Gregg*, 2004 WL 257080, at *5 (alteration in original) (emphasis added).  As the Maryland Court of Special Appeals explained in *Newton v. Spence*, where incorrect information is provided to law enforcement, the informant is not directly responsible for any detention because officers "are left entirely free to use their own judgment" as to whether the facts at their disposal justify an arrest.  316 A.2d 837, 843 (Md. Ct. Spec. App. 1974).  *But cf. Montgomery Ward v. Wilson*, 664 A.2d 916, 927 (Md. 1995) (limiting *Newton* to warrantless arrests only, and explaining that where an arrest warrant is obtained, the relevant claim is for malicious prosecution).  But "a private party may incur liability for false imprisonment by wrongfully detaining an individual while waiting for the police to arrive and make a formal arrest."  *Montgomery Ward*, 664 A.2d at 926.  Pegues does not allege that Wal-Mart's employee

gave false information to the police resulting in her arrest; the Amended Complaint alleges that Pegues was detained by Wal-Mart's employee personally. Am. Compl. ¶ 15.[2] The mere fact he did so based on a belief that Pegues was shoplifting, standing alone, is not a defense.

Instead, the legal principle on which Wal-Mart may rely is Maryland's shopkeeper's privilege, codified at Md. Code Ann., Cts. & Jud. Proc. § 5-402(a), which provides that:

> A merchant or an agent or employee of the merchant who detains or causes the arrest of any person shall not be held civilly liable for . . . [*inter alia*] false imprisonment, or false arrest of the person detained or arrested, whether the detention or arrest takes place by the merchant or by his agent or employee, if in detaining or causing the arrest of the person, the merchant of the agent or employee of the merchant had, at the time of the detention or arrest, probable cause to believe that the person committed the crime of "theft" . . . of property of the merchant from the premises of the merchant.

But although the shopkeeper's privilege ultimately may shield Wal-Mart from liability, it must be asserted as an affirmative defense and the existence of probable cause, where disputed, cannot be resolved by the court alone—much less resolved on a motion to dismiss. *Gladding Chevrolet, Inc. v. Fowler*, 287 A.2d 280, 284 (Md. 1972); *cf. Silvera v. Home Depot U.S.A., Inc.*, 189 F. Supp. 2d 304, 310 (D. Md. 2002) ("If the facts regarding probable cause are undisputed, then the question of probable cause is one of law for the court." (citing *Gladding*, 287 A.2d at 284)). The Amended Complaint alleges—barely—that Wal-Mart's employee knew that he lacked probable cause that Pegues had shoplifted the bassinet, and therefore, accepting as true

---

[2] Although the nature of Pegues's allegations are apparent from her Amended Complaint, her Opposition to the motion to dismiss does not directly address any of Wal-Mart's substantive arguments, and simply argues that a factual dispute exists—an issue not directly germane to a 12(b)(6) motion. *See* Pl.'s Opp'n. In failing to address Wal-Mart's arguments, Pegues appears to have failed to comply with Local Rule 105.1 (requiring an opposition to a motion to be "accompanied by a memorandum setting forth the reasoning and authorities in support of it") and risks inadvertently conceding her claims, *see Burns & Russell Co. of Balt. v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 440 (D. Md. 2001).

the allegations in the complaint, Pegues has stated a claim for false arrest and false imprisonment, notwithstanding the possibility that Wal-Mart may have an affirmative defense.

Wal-Mart falls back on arguing that Pegues's claims cannot meet the plausibility threshold required by *Ashcroft v. Iqbal* because she has not shown "more than a sheer possibility that [the] defendant has acted unlawfully." 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). This argument fails to square with the complaint's allegations that the bassinet previously had been purchased by Pegues's mother who had brought it into the Store on the day she was detained, that Pegues was holding the bassinet with a receipt, and that, after placing the bassinet into her car, she returned to the Store to complete other purchases. *See* Am. Compl. ¶¶ 6–8, 11–12. Though Wal-Mart surely presents a plausible alternative view of the facts, there is nothing implausible about Pegues's claim that she was detained without any probable cause.

Accordingly, the motion to dismiss must be denied with respect to Counts I and II.

### B. Count III

Wal-Mart's only argument for dismissing count III is that Pegues "fails to state a claim for 'assault and battery,' because it was reasonable for Wal-Mart's agents and/or employees to stop the Plaintiff and protect their merchandise from being removed from the store." Def.'s Dismiss Mem. 8. However, as discussed above, the reasonableness of Wal-Mart's employee in detaining Pegues cannot be determined on a motion to dismiss. Accordingly, the motion to dismiss also must be denied with respect to Count III.

### C. Conversion Under Fed. R. Civ. P. 12(d)

Wal-Mart has attached an affidavit of Allen Spriggs, Spriggs Aff., and a copy of a criminal citation purportedly issued to Pegues for allegedly stealing the bassinet from the Store,

Citation, Def.'s Dismiss Mem. Ex. 2, ECF No. 8-2. Pursuant to Fed. R. Civ. P. 12(d), such materials may be considered only if the motion to dismiss is treated as a motion for summary judgment and Pegues is given an opportunity to respond. Fed. R. Civ. P. 12(d). Whether to convert a motion to dismiss to a motion to summary judgment is a matter of my "complete discretion." *Sager*, 855 F. Supp. 2d at 542. Given the early stage of this litigation, the fact that discovery has not yet commenced, and the threadbare nature of Pegues's opposition to the motion to dismiss, I decline to exercise that discretion here, and instead find that it would be premature to consider this motion as one for summary judgment. Discovery will fill in the details that will make summary judgment a more appropriate vehicle for testing the factual support for Plaintiff's claim.

Moreover, even were I to convert the motion to one for summary judgment, it readily is apparent that Wal-Mart could not prevail. In his affidavit, Spriggs states specific facts that support probable cause to detain Pegues, but it is clear from the Amended Complaint that Pegues disputes those facts; this alone is sufficient to defeat summary judgment. *See* Fed. R. Civ. P. 56(a) (allowing for summary judgment only where there is "no genuine dispute as to any material fact"). And Pegues's criminal citation has no evidentiary value at all; it does not contain any "factual findings from a legally authorized investigation," Fed. R. Evid. 803(8)(A)(iii), but simply the conclusory accusation that Pegues "did steal property of Walmart," which appears to be based on nothing more than hearsay from Wal-Mart employees, *cf.* Fed. R. Evid. 805. And even if evidence of Pegues's actual guilt were sufficient to establish that Wal-Mart employees acted reasonably, a mere accusatory instrument such as the Citation is not such evidence. Wal-Mart has shown no basis for granting summary judgment in its favor even were the issue properly before me.

## IV.    CONCLUSION

For the aforementioned reasons, Defendant Wal-Mart Stores, Inc.'s Motion to Dismiss and for Summary Judgment is DENIED.  A separate order shall issue.

Dated: <u>October 30, 2014</u>                                                          <u>            /S/                   </u>
                                                                                                  Paul W. Grimm
                                                                                                  United States District Judge

dsy